991 F.2d 801
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
Jeff BROWN, Appellant,
v.
A.L. LOCKHART, Director, Arkansas Department of Correction, Appellee.
 No. 91-1542.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: March 29, 1993.
Filed: April 8, 1993.
 
 Before JOHN R. GIBSON, WOLLMAN, and MAGILL, Circuit Judges.
 PER CURIAM.
 
 
 1
 Jeff Brown, an Arkansas inmate, appeals from the district court's[1] denial of his 28 U.S.C. § 2254 petition for writ of habeas corpus. For reversal, Brown argues that the district court erred in holding that his two trial attorneys did not render ineffective assistance by giving him erroneous parole information and by failing to move to suppress his statement to law enforcement officials. We affirm.
 
 
 2
 After being charged with two counts of capital murder, Brown pleaded guilty to two counts of first degree murder and was sentenced to life imprisonment. To have his plea set aside, Brown must show that the representation he received "fell below an objective standard of reasonableness," and that there "is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 57-59 (1985).
 
 
 3
 Assuming without deciding that Brown's trial counsel misadvised him as to his eligibility for parole, Brown has not shown prejudice. The lower court found that Brown's "guilty plea was not based on a belief that he would be eligible for parole in seven years, but rather on his wish to avoid the possibility of a death sentence." We cannot say that the court's finding in this regard was clearly erroneous. See Hale v. Lockhart, 903 F.2d 545, 549 (8th Cir. 1990). "Had [Brown] insisted on going to trial, he ran the risk of being sentenced to death." See id. Further, one of his trial counsel testified at Brown's postconviction hearing that he had told Brown there was very little chance of acquittal at trial, had explained to him there was a possibility that he would be given the death sentence, and had tried to impart to him the gravity of the situation in light of the post-arrest statement that he had given. See id.
 
 
 4
 The record also reflects that the decision by Brown's trial counsel not to seek suppression was based on their investigation and the knowledge that Brown was "talking to anybody and everybody." Under the circumstances, the decision not to seek suppression was within the range of reasonable professional conduct.
 
 
 5
 The judgment is affirmed.
 
 
 
 [1]
 The Honorable Elsijane T. Roy, Senior United States District Judge for the Eastern District of Arkansas